Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Claudine Mittelman**; an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Louis Vuitton USA, Inc.**, a New York company;<br><br>Defendant. | Case No.<br><br>VERIFIED COMPLAINT<br><br>(Jury Trial Requested) |

Plaintiff Claudine Mittelman, for her Verified Complaint against Defendant Louis Vuitton USA, Inc. ("**Louis Vuitton**"), hereby allege as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendant for its unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**") and failure to make timely and reasonable payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendant's violations of the

FLSA.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendant's violations of the Arizona Wage Statute.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff's state law claim is sufficiently related to her federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367.

7. Plaintiff was employed by Defendant in this District.

**PARTIES**

8. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

9. Plaintiff Claudine Mittelman has been a full-time employee of Defendant from on or around July 28, 2021, until on or around May 20, 2022.

10. At all relevant times, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff was an employee of Defendant as defined by A.R.S. § 23-350(2).

12. Defendant Louis Vuitton is a corporation authorized to do business in

Arizona and was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

13. Defendant Louis Vuitton was Plaintiff's employer as defined by A.R.S. § 23-350(3).

14. Upon reasonable belief, Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

15. Upon reasonable belief, Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

16. At all relevant times, Plaintiff, in her work for Defendant, was engaged in commerce or the production of goods for commerce.

17. At all relevant times, Plaintiff, in her work for Defendant, was engaged in interstate commerce.

18. Plaintiff, in her work for Defendant, regularly handled goods produced and transported in interstate commerce.

19. Plaintiff would communicate with Defendant and customers via telephone and email.

20. Plaintiff is a covered employee under individual coverage.

21. Plaintiff is a covered employee under enterprise coverage.

**FACTUAL ALLEGATIONS**

22. Defendant is a retail store.

23. On or around July 28, 2021, Plaintiff Claudine Mittelman commenced employment with Defendant as a client advisor.

24. Plaintiff's primary job duties included working in the retail store and providing customer service to clients.

25. From on or around July 28, 2021, until on or around January 2022, Plaintiff Claudine Mittelman was a non-exempt employee paid a rate of $20 an hour.

26. From on or around January 2022, until on or around May 20, 2022, Plaintiff Claudine Mittelman was a non-exempt employee paid a rate of $21.88 an hour

27. In her capacity as a client advisor, Plaintiff routinely worked in excess of 40 hours per week while 'off the clock', and was not provided with the required one and one-half times pay premium as required by the FLSA for all her overtime hours.

28. Plaintiff would have to work from home while off the clock.

29. Plaintiff would have to answer calls while off the clock.

30. Plaintiff would have to contact customers or other sales associates while off the clock.

31. Plaintiff would have to login through the company's VPN while off the clock.

32. Defendant told Plaintiff she would not be paid for working from home.

33. Defendant sent Plaintiff home everyday with a work phone which had access to a VPN to see live inventory.

34. When Plaintiff was off the clock, she was required to work the off the clock hours as a condition of her employment.

35. While working off the clock, Plaintiff was required to perform similar—if not identical—job duties and responsibilities as she was required to perform during her regular workweek.

36. Plaintiff's off the clock work was performed remotely, whereas her regular workweek was performed at the physical location of Louis Vuitton.

37. While working off the clock, Plaintiff was required to monitor and respond to client texts and client emails.

38. While working off the clock, Plaintiff was required to monitor and respond to afterhours voicemails.

39. While working off the clock, Plaintiff was required to respond to emails in order to ensure that all afterhours inquiries were addressed within four hours.

40. While working off the clock, Plaintiff was required to respond to voicemails in order to ensure that all afterhours voicemail messages were addressed within four hours.

41. As such, Plaintiff was unable to use her personal time effectively for her own purposes while she was off the clock.

42. Plaintiff was on-call every minute that she was off the clock.

43. Between on or around July 28, 2021, until on or around May 20, 2022, Defendant failed to properly compensate Plaintiff Claudine Mittelman for all her overtime hours.

44. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

45. For example, the workweek of January 10, 2022, Plaintiff Claudine Mittelman estimates that she worked around 44 hours and was not paid overtime wages.

46. Additionally, Plaintiff was required to clock out before going through security.

47. On Plaintiff's way out, Defendant required Plaintiff to go through a security

check point with another individual, using her supervisor.

48. Plaintiff was not paid for this security check.

49. At all relevant times during Plaintiff's employment, Defendant failed to properly compensate Plaintiff for all her overtime hours.

50. Defendant wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

51. Defendant refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

52. Defendant has not kept proper records in violation of 29 C.F.R. § 516.2.

53. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

54. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

55. At all relevant times, Plaintiff has been employed by Defendant within the meaning of the FLSA.

56. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

57. Defendant has intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

58. As a direct result of Defendant's violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

59. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C.

§ 216(b).

60. Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendant knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek.

61. Defendant has not made a good faith effort to comply with the FLSA.

62. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO TIMELY PAGE WAGES DUE – ARIZONA WAGE STATUTE

63. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

64. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

65. Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

66. Defendant was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

67. Defendant failed to timely pay Plaintiff's wages due without a good faith basis for withholding the wages.

68. Defendant has willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendant committed the following acts:

   i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   iii. willfully violated the Arizona Wage Statute by failing to pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED July 7, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*Claudine Mittelman*
_____
Claudine Mittelman